UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM BERNARD COLLINS,

    Petitioner,

v.                                                                          CASE NO. 6:16-cv-1118-Orl-37GJK
                                                                           (6:13-cr-151-Orl-37GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by William Bernard Collins (Doc. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. 14). Petitioner filed a reply (Doc. 17).

Petitioner alleges one claim for relief. However, as discussed hereinafter, the Court finds that Petitioner is not entitled to relief, and the motion to vacate will be denied.

**I.    BACKGROUND**

Petitioner was charged by indictment with one count of conspiracy with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(ii) (Criminal Case No. 6:13-cr-151-Orl-37GJK, Doc. 11).[1] Petitioner pled guilty to the count

---

[1]Criminal Case No. 6:13-cr-151-Orl-37GJK will be referred to as "Criminal Case."

as charged (Criminal Case Doc. 32). On February 24, 2014, the Court sentenced Petitioner as a career offender to a 130-month term of imprisonment to be followed by an eight-year term of supervised release (Criminal Case Doc. Nos. 42, 56 at ¶ 25, and 67). Judgment was entered on February 26, 2014 (Criminal Case Doc. 45). Petitioner did not appeal.

## II.     LEGAL STANDARD

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## III.     ANALYSIS

Petitioner contends his career offender sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the

2

Armed Career Criminal Act ("ACCA") is unconstitutionally vague) (Doc. 1 at 4).[2] The Government argues that this claim is procedurally barred because it could have been raised at sentencing or on direct appeal (Doc. 14 at 3-4).

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule . . . applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

This claim should have been raised on direct appeal. Therefore, this claim is procedurally barred unless Petitioner can show cause and prejudice for his failure to raise it on direct appeal or that he is actually innocent. Petitioner has neither alleged nor shown any cause or prejudice for the default. Further, Petitioner has not asserted that he is actually innocent. Consequently, this claim is procedurally barred.

Additionally, even if Petitioner's claim was not procedurally barred, he is not entitled to relief. The Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017),

---

[2] The Supreme Court determined *Johnson* was retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct 1257 (2016).

3

that the advisory guidelines are not susceptible to constitutional vagueness challenges such as the one in *Johnson*. Furthermore, even if *Johnson* were applicable to Petitioner's case, his two prior convictions of resisting arrest with violence and two prior convictions of possession of cocaine with intent to distribute are qualifying convictions pursuant to §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines. *See United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (concluding the defendant's prior drug convictions for sale or possession with intent to distribute qualify as controlled substance offenses under the United States Sentencing Guidelines); *United States v. Hill*, 799 F.3d 1318, 1322-23 (11th Cir. 2015) (holding that a conviction for resisting an officer with violence categorically qualifies as a crime of violence).Thus, Petitioner has at least two prior felony convictions that qualify for career offender sentencing. Accordingly, Petitioner's claim is denied.

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal

4

will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by William Bernard Collins is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-151-Orl-37GJK and terminate the motion to vacate pending in that case (Criminal Case Doc. 62).

**DONE AND ORDERED** in Orlando, Florida this 28th day of June, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 6/28
William Bernard Collins
Counsel of Record